WALLACE LANNING, PROSECUTOR, v. HARRY COHEN ET AL., RESPONDENTS.

Argued February 20, 1918—Decided June 7, 1918.

1. To authorize the Court of Common Pleas to grant a license for an inn and tavern in a township, it is essential, among other things, that the applicant should be well provided with stabling and provender of hay and grain for four horses more than his own stock.

2. On *certiorari* the grant of a license to keep an inn and tavern in a township will be reversed when it appears that the conclusion of the court on the disputed question of fact as to whether the applicant was well provided with stabling and provender was without competent evidence to support it.

On *certiorari*, &c.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *Wicoff & Lanning.*

For the respondent Harry Cohen, *John H. Kafes* and *John A. Montgomery.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review the grant of a license by the Court of Common Pleas of Mercer county to Harry Cohen to keep an inn and tavern in the township of Ewing, pursuant to an application therefor under the Inn and Tavern act of 1846. *Comp. Stat., p.* 2890.

We are of the opinion that the court was without authority to grant the license and that it must be set aside.

On its face the application was sufficient and made out a *prima facie* case of authority in the Court of Common Pleas to grant it. But that *prima facie* case was open to question before that court, and it was challenged by the prosecutor of this writ upon the ground, among others, stated in the remonstrance, that in fact the applicant "was not well pro-

vided with house room, stabling and provender." To authorize the court to grant the license it was essential, among other things, that the applicant should be "well provided with house room, stabling and provender" (*Comp. Stat., p.* 2890, § 2), and to be well provided with stabling and provender he must have "stabling and provender of hay and grain for four horses more than his own stock." Section 16. Accordingly, the court proceeded to inquire by evidence whether the facts existed without which its authority to grant the license would fail and concluded to grant the license.

Of course, the jurisdiction of the court over such an investigation of facts is indisputable, and if its conclusions of fact thereon were legally warranted by the proofs adduced before it, those conclusions could not be reversed on *certiorari*. This being so, the sole province of the Supreme Court on these matters of fact is to examine the evidence offered in the Court of Common Pleas, and decide whether on that evidence the court could lawfully determine that it had authority to grant the license. *Dufford* v. *Nolan*, 46 *N. J. L.* 87; *Houman* v. *Schulster*, 60 *Id.* 132. Upon a careful examination of the evidence in the present case we think it could not.

The house for which the applicant sought a license is in the township of Ewing, only two hundred feet from the Trenton city line, in a manufacturing centre. The whole lot on which it stands is only thirty-two by eighty-six feet. The building itself is thirty by sixty-five feet, leaving a back yard twenty-one by thirty-two feet. There is no stable or other accommodations for horses and wagons. On the first floor is the barroom; on the second floor are four bedrooms and a bath; on the third floor are two rooms, without beds, used as storerooms. The applicant, his wife and two children, one ten years old and one five, live in the place. It is less than a mile from the centre of Trenton, where are located all of Trenton's principal hotels, and is about four hundred feet from the Johnson trolley line, running to the center of Trenton every forty-five minutes, and about one thousand

four hundred feet from the Princeton avenue trolley, running to the centre of Trenton on a five to eight-minute schedule. It is situate on a "dead-end" street, not used as a through route of travel. The physical conditions of the property suggest only a city saloon and not an inn and tavern. The testimony tends to confirm one's expectations of nothing but a saloon use. It seems to show that, while Cohen's place had been licensed for seven years, yet he kept no guest register, entertained no travelers except a few "friends" and furnished but few meals. In short, his business seems to have consisted mainly of entertaining members of the local community by furnishing sandwiches and liquid refreshments. There is much to be said, therefore, in support of the assertion that the place had the characteristics of a saloon only, rather than those of an inn and tavern, and there is, of course, a clear distinction between the two. The former cannot be licensed in townships by the Court of Common Pleas, and the latter may be, if it be found necessary, to accommodate and entertain travelers and strangers, to serve the public occasions of the county, and for the convenience of men meeting together to transact business. *Comp. Stat.*, p. 2893, § 13. Until the legislature sees fit to modify the requirements of the Inn and Tavern act in its application to townships (as it has with respect to some particular municipalities and classes of municipalities), these requirements in townships must be observed.

But we shall not pursue this phase of the case. We rest our decision upon the fact that it conclusively appears that the applicant was not well provided with stabling and provender, as defined and required by the Inn and Tavern act. He had neither stabling nor provender for horses on his premises. Probably, the reason is that his place was not intended for an inn and tavern. He claims to have the privilege of a stable near by, in the city of Trenton, but the evidence shows that he has no present control of it. Moreover, that stable does not meet the requirements of the statute, since it has only three stalls and no provender is kept there.

The grant of license will be set aside, with costs.